UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ANNA L. McCRARY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 1:03-CV-396/1:01-CR-180 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This matter comes before the Court on the motion of *pro se* petitioner Anna L. McCrary ("Petitioner") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). Petitioner filed a brief in support of her motion (Court File No. 1) and an addendum in support of her motion (Court File No. 3). Pursuant to the Court's order (Court File No. 6), the Government filed a response to Petitioner's motion (Court File No. 7). Petitioner did not file a reply. After careful consideration of the motion and briefs and for the reasons discussed below, the Court will **DENY** Petitioner's motion to vacate, set aside, or correct her sentence.[1]

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2001 Petitioner was indicted on three counts related to illegal drug activity

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in petitioner's § 2255 motion filed herein, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:01-CR-180, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

(Crim. Court File No. 2; Presentence Report ("PSR") ¶¶ 1-4). Petitioner, with the assistance of her counsel, Frederick L. Ortwein, entered into a plea agreement with the Government on December 6, 2001 (Crim. Court File No. 26). Pursuant to the plea agreement, Petitioner pleaded guilty to attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C) as charged in count one of the indictment (Crim. Court File Nos. 2, 25; Crim. Court File No. 26, ¶ 1) and to possession of equipment, chemicals, products, and materials knowing the equipment, chemicals, products, and materials would be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) as charged in count four of the indictment (*Id.*).

> The factual basis in support of the guilty plea provides as follows:
>
> On June 10, 2001, officers from the Marion County Sheriff's Department were dispatched on a missing persons report to a mobile home located at 801 Castle View Circle. The officers observed four individuals inside and around the residence, including the [Petitioner], who was first observed sitting on a couch inside the living room. After talking with a deputy, one of the occupants produced a bag containing red phosphorus, aluminum foil and ammunition. That individual was also found to have a firearm tucked into the waistband of his pants. The owner of the residence, Shana Kennemore, gave the officers consent to search the trailer and surrounding premises. Officers discovered chemicals and components associated with the manufacture of methamphetamine, including a glass plate with white flake/powder, used coffee filters, drinking glass with whitish sludge, aluminum foil, rubbing alcohol, a plastic container containing red liquid, a glass jar containing yellow liquid, a jar containing a three-layered liquid, numerous matches and matchbooks without the striker plates, 2 bottles of HEET fuel line antifreeze, Coleman fuel, tubing, a glass smoking pipe, scales, a mirror with white residue, and a small plastic bag containing red powder.
>
> On June 11, 2001, officers from the Marion County Sheriff's Department executed a state search warrant at the residence of [Petitioner], located at or near Wilson Road, in Haletown, Tennessee. Seized as a result of that search were chemicals and equipment utilized in the manufacture of methamphetamine, including Red Devil lye, muriatic acid, Coleman fuel, used coffee filters, jars containing mixed liquids, and approximately twenty-five (25) pseudoephedrine bottles.

(Crim. Court File No. 26, ¶ 8).

After Petitioner pleaded guilty, a Presentence Investigation Report ("PSR") was prepared. Petitioner's base offense level was 30 under the United States Sentencing Guidelines Manual ("USSG") § 2D1.1(a)(3) (PSR ¶ 17). However, it was determined Petitioner was a career offender and her career-offender offense level was 32 (PSR ¶¶ 25). The career-offender offense level was reduced by three levels for Petitioner's acceptance of responsibility pursuant to USSG. §§ 3E1.1(a) & (b) (PSR ¶ 26). Petitioner's criminal history category was VI (PSR ¶ 38). Thus, the Guideline range for imprisonment was 151 to 188 months (PSR ¶ 62).

On November 4, 2002, the Government filed a motion for downward departure pursuant to USSG § 5K1.1. At the sentencing hearing, Petitioner's plea agreement was accepted by the Court, the § 5K1.1 motion was granted, and Petitioner was sentenced to 130 months imprisonment (Crim. Court File No. 42). A final judgment was entered on November 29, 2002 (Crim. Court File No. 45). Petitioner did not appeal her sentence or conviction.

Petitioner filed this Petition to vacate, set aside, or correct her conviction pursuant to 28 U.S.C. § 2255 on November 10, 2003 (Court File No. 1). The Petition was timely filed within the statutory one-year limitation period. 28 U.S.C. § 2255(1).[2]

---

[2]28 U.S.C. § 2255, provides, in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

Having reviewed the materials thus submitted, together with the complete record of the underlying criminal case, the Court finds they conclusively show Petitioner is not entitled to relief on the claims asserted. Accordingly, the Court will decide the matter without an evidentiary hearing, explaining its reasoning as it addresses each of Petitioner's asserted grounds for relief. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993).

II. **STANDARD OF REVIEW**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an

4

egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000), *cert. denied*, 531 U.S. 884, 121 S. Ct. 200, 148 L. Ed. 2d 140 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

## III. DISCUSSION

Petitioner asserts three grounds upon which she argues the Court should vacate, set aside, or correct her sentence. Petitioner contends as follows: (1) the Court had no jurisdiction to try her case (Court File No. 1, p. 5); (2) the Court enhanced her sentence in violation of *Blakely* (Court File No. 3); and (3) she was provided ineffective assistance of counsel when Mr. Ortwein did not challenge the Court's jurisdiction (Court File No. 1, Brief, p. 41).

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not appeal her conviction or sentence and only her third claim contains any reference to alleged ineffective performance on the part of her attorney. A procedurally defaulted claim may only be raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse her failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" on her first two claims or "actual innocence."

5

Nevertheless, the Court will proceed to address the merits of all of Petitioner's claims because Petitioner would not be entitled to relief on her first two claims even if they had not been procedurally defaulted.

### A. Jurisdiction

Petitioner claims the Court had no jurisdiction over her case because "Title 21 has not been enacted into law" (Court File No. 1, p. 5). Petitioner is referring to the fact Congress has not approved of the placement of the underlying legislation into Title 21 of the United States Code. The United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") recently addressed this very issue. The Sixth Circuit explained:

> The process works as follows:
>
> To enact a statute into positive law, Congress must specifically approve the language of the codification. The Office of the Revision Counsel submits each individual title of the Code to Congress for enactment. When Congress enacts a title of the Code into positive law, it puts its authoritative imprimatur on the language appearing in that particular title of the Code. As of 1998, less than half of the titles in the Code had been enacted into positive law. *Henriquez v. United States,* No. 03-Civ-478, 2003 WL 21242722, n.2, 2003 U.S. Dist. LEXIS 8931, 2 n.2 (S.D.N.Y. 2003) (citations omitted).
>
> Congress's failure to approve the specific placement of Title 21 does not affect the validity of the underlying legislation. As the Tenth Circuit has noted, "the fact that Title 21 has not yet been 'revised, codified, and enacted into positive law' in accordance with the legislative agenda noted in the preface to the United States Code does not render the substantive law it records a nullity." *Wilson v. United States*, No. 90-6341, 1991 WL 216477, *2, 1991 U.S.App. LEXIS 26092, *3-*4 (10th Cir. 1991).

*Goldsby v. United States*, 152 Fed. Appx. 431, 440-41 (6th Cir. Oct. 12, 2005). Therefore, even though Congress has not approved of the specific placement of Title 21, the statute is valid and this fact did not deprive the Court of jurisdiction. *See United States v. Titterington*, 374 F.3d 453, 459 (6th Cir. 2004) (explaining United States district courts have original jurisdiction of all offenses

6

against the laws of the United States); 18 U.S.C. § 3231.

Also, Petitioner argues the Court lacked jurisdiction because Congress had no authority to enact 21 U.S.C. § 841(a)(1) (Court File No. 1, Brief, pp. 8-10). The Sixth Circuit has expressly held the Comprehensive Drug Abuse Prevention and Control Act of 1970, which includes § 841(a)(1), is within Congress' power under the Commerce Clause. *United States v. Scales*, 464 F.2d 371, 375 (6th Cir. 1972); *see also United States v. Ryals*, 1997 WL 295340, at *2 (6th Cir. June 2, 1997) (holding § 841(a)(1) "clearly constitutes a permissible exercise of Congress's powers under the Commerce Clause of the Constitution."); *United States v. Malik*, 1997 WL 9953, at *3 (6th Cir. Jan. 9, 1997) (rejecting a constitutional challenge to 21 U.S.C. § 841(a)(1) because "the charges arose from the economic activity of distributing regulated narcotics, the effect of which on interstate commerce is well-established and recognized."). Since Congress had authority to enact § 841(a)(1), the statute is valid and the Court was not lacking jurisdiction. *See Titterington*, 374 F.3d at 459; 18 U.S.C. § 3231.

For these reasons, the Court will **DENY** Petitioner's motion based on jurisdiction.

**B.**     *Blakely*

Petitioner argues her sentence should be set aside, vacated, or amended because it was enhanced by facts determined by the Court by a preponderance of the evidence (Court File No. 3). Specifically, Petitioner avers the Court erred when it found she was a career offender, relying on *Blakely v. Washington*, 524 U.S. 296 (2004) to support her claim.

The Supreme Court decided *Blakely* on June 24, 2004, then on January 12, 2005 it decided *United States v. Booker*, 125 S. Ct. 738 (2005), which now governs Petitioner's *Blakely* claim. *See Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005) (stating a § 2255 *Blakely* claim was

7

now governed by *Booker*). In *Booker*, the Supreme Court applied the *Blakely* reasoning to the United States Sentencing Guidelines and held "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756 (emphasis added). Petitioner's status as a career offender was based on prior convictions. Therefore, *Blakely* and *Booker* are not applicable to Petitioner's career offender status. *Id.*

Regardless, even if the holdings in *Blakely* and *Booker* applied, neither *Blakely* nor *Booker* announced it was retroactively applicable. The Supreme Court's decision in *Schriro v. Summerlin*, 542 U.S. 348 (2004),[3] suggests it is unlikely *Blakely* will be given retroactive effect in the future. Further, several lower courts who have addressed this issue have determined neither *Blakely* nor *Booker* are applicable to cases that were final prior to the Supreme Court's decision in those cases. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (concluding *Booker*'s rule does not apply retroactively in collateral proceedings); *In re Anderson* 396 F.3d 1336, 1340 (11th Cir. 2005) (stating "[i]t follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, [petitioner] cannot show that the Supreme Court has made [*Booker*] retroactive to cases already final on direct review"); *Hamlin v. United States,* 2005 WL 102959 (D. Me. Jan. 19, 2005) (interpreting *Booker* to apply only to cases on direct review); *Stevens v. United States*, 2005 WL 102958 (D.Me. Jan. 18, 2005) (concluding *Booker* should not be applied retroactively to cases where

---

[3] The Supreme Court determined its previous decision in *Ring v. Arizona*, 536 U.S. 584 (2002) where it held a sentencing judge sitting without a jury may not find an aggravating circumstance necessary for the imposition of the death penalty because those circumstances must be found by a jury, was a procedural rule and consequently, did not apply retroactively to death penalty cases already final on direct review.

8

the claim was not raised on direct review); *United States v. Harp*, 2004 WL 1636251 (N.D. Iowa July 22, 2004) (collateral relief requested in light of *Blakely* denied); *United States v. Traeger*, 325 F.Supp.2d 860 (N.D. Ill., 2004) (concluding *Blakely* decision did not apply retroactively).

Petitioner's judgment became final in December 2002 well before *Blakely* and *Booker* were decided. Therefore, Petitioner is not entitled to any relief under *Blakely* or *Booker*.

In light of the above, the Court will **DENY** Petitioner's motion based on *Blakely*.

### C. Ineffective Assistance of Counsel

Petitioner contends she received ineffective assistance of counsel when Mr. Ortwein did not challenge the Court's jurisdiction. The criteria for analyzing a claim of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a defendant to demonstrate two essential elements: (1) counsel's performance was deficient (*i.e.,* counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment) and (2) counsel's deficient performance prejudiced the defense (*i.e.,* deprived the defendant of a fair trial rendering the outcome of the trial unreliable). *Id.* at 687-88; *see also McQueen v. Scroggy,* 99 F.3d 1302, 1310-11 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997); *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir. 1992); *Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987). To establish her attorney was not performing within the range of competence demanded of attorneys in criminal cases, a defendant must demonstrate the attorney's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *McMann v. Richardson*, 397 U.S. 759, 771 (1970). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975

9

(1993); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996). There is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims*, 970 F.2d at 1579-80.

In order to demonstrate ineffective assistance of counsel, Petitioner must show not only her attorney's representation fell below the standard of competence demanded of attorneys in criminal cases but also there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The *Strickland* test, however, must be adjusted in cases where a defendant has pleaded guilty instead of being found guilty after a trial. *Thomas v. Foltz,* 818 F.2d 476, 480 (6th Cir.), *cert. denied,* 484 U.S. 870 (1987). To successfully challenge a guilty plea on the ground of ineffective assistance of counsel, Petitioner must show her attorney's performance fell below an objective standard of reasonableness and show a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996), *cert. denied*, 519 U.S. 1132 (1997); *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994); *Sullivan v. United States*, 11 F.3d 573, 576 (6th Cir. 1993); *United States v. Smith*, 981 F.2d 887, 894 (6th Cir. 1992).

The Court has previously explained why the Court had jurisdiction in Petitioner's criminal case. As such, Mr. Ortwein's performance did not fall below an objective standard of reasonableness when he did not object to the Court's jurisdiction. In addition, Petitioner has failed to prove or even allege the prejudice required to satisfy the second prong of the *Strickland* test as modified by *Hill*. Petitioner does not claim but for the alleged incompetence of her attorney, she would not have pleaded guilty and would have insisted on going to trial. Therefore, Petitioner has

not established a reasonable probability she would not have pleaded guilty and would have insisted on going to trial. Accordingly, Petitioner's claim based on ineffective assistance of counsel will be **DENIED**.

IV. <u>**CONCLUSION**</u>

For the reasons stated above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[4] Section 2255 incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing

---

[4] The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

11

of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and she cannot present a question of some substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether the appeal is taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and she may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

        **/s/**
        **CURTIS L. COLLIER**
        **CHIEF UNITED STATES DISTRICT JUDGE**